## LIABILITY FOR INJURIES AS BETWEEN GAS COMPANY AND CITY.

Common Pleas Court of Franklin County.

JOHN THORNTON v. COLUMBUS GAS & FUEL CO.

Decided, March 4, 1915.

*Negligence—Bar of a Previous Action—Effect of a Contract of Indemnity —Tort Feasors Who are Not Joint—Pleading.*

An indemnity contract, executed by a gas company and saving the municipality from damages in certain cases, does not make a judgment in favor of the city in such a case a bar to a similar action against the gas company for the same injuries, particularly where the second action is based on independent negligence on the part of the gas company.

*F. S. Monnett,* for plaintiff.
*Addison, Clark & Harvey,* contra.

BIGGER, J.

Heard on motion to amended answer and amendment to motion.

I consider first the motion which is addressed to the second defense of the amended answer; and I prefer to consider the question as to whether or not anything amounting to a defense is stated in this so-called second defense, as a court should not concern itself or consume the time of the court and counsel in controversies as to the form of a plea which has no validity. In my opinion nothing which amounts to a defense is stated in this second part of the answer. The reference to Bates, page 2737, must be a mistake in reference; *Bell v. McColloch,* 31 Ohio St., 397, is not authority to support defendant's claim. In that

case where the parties to the former action were the same as that at bar, it was decided that the judgment in the former case was a bar in the latter because the same question between the same parties had been put in issue and decided in the former case. The real issue was as to the validity of a note and written contract, and it was decided that the party who resisted liability and sought to have the contracts canceled must set up all the defenses he had in the first suit and could not first plead fraud and, if he failed, set up a new ground in the second action where the issue was the same. That is all that case decides. *Boston* v. *Worthington,* 76 Mass. (10 Gray), 496; *Milford* v. *Halbrook,* 91 Mass. (9 Allen), 17; *Robbins* v. *Chicago,* 71 U. S. (4 Wall.), 657; *Littleton* v. *Richardson,* 34 N. H., 179, are not in point here. Those were actions in which the question was as to the effect of a judgment upon one who was liable over to another, judgment having been taken against him to whom he was liable over. If in this case judgment had gone against the city, then in an action by the city against the gas company on its indemnity contract the judgment against the city would have concluded it. And that on the principle that the gas company could have assumed or assisted in the defense because of its interest in the question at issue. But that is a different question from the one here involved. The question is not to be resolved, in my opinion, on the suggestion of plaintiff's counsel that the city and the gas company were joint tort feasors, because they were not joint tort feasors.

Now, I have no doubt that the judgment in the former action is a bar to any liability over of the gas company to the city whether that liability over be founded on an indemnity contract or on the principles of substantive law. But I am just as clearly of opinion that the judgment in the former case does not conclude the plaintiff in this action. The doctrine stated in the text in 23 Cyc., 1270, is, I think, too broadly stated and is not supported by the cases cited so broadly as it is stated.

In the case of *Hill* v. *Bain,* 15 R. I., 75, the decision was founded on the principle of estoppel, and I observe the editor in a foot-note criticises the decision saying that the mistake in applying the principle of estoppel in such a case must arise from confusion of thought.

But whether that case was rightly decided or not it is clearly distinguishable from this. In that case the first suit was against the indemnitor, and it was held that in the case at bar it was necessary to prove everything necessary to be proven in the first case and something more. This case is the reverse of that. In this case it would seem a recovery may be had on less proof than would be required against the city. It was the defendant which was directly responsible, if any one was responsible. In the case against the city it would be necessary to prove the city had knowledge of the existing danger, or in the exercise of ordinary care would have known it. That the gas company had knowledge of defects in construction or excessive pressure in the pipes might be established by much less proof and of a different kind from that necessary to charge the city. Again an important distinction between that case and this and an apparently controlling consideration in that case is this. The indemnitor in that case had already had judgment in his favor. The relation between the city and the indemnitor was such that if the city was held liable he could be compelled to reimburse the city for an injury which the plaintiff must prove was due to the negligence of the indemnitor, although the plaintiff on this very issue against the indemnitor had failed to prove it. And if the city should call on him to defend against the claim, as it could, the indemnitor would be compelled to defend a second time against the claim of plaintiff when he had once defended against the identical claim and had judgment in his favor.

But in this case the issue is not identical with that in the former case. The defendant was not a party in the first case and if it had been, in my opinion the former judgment would not be a bar, as its liability here is not predicated on the negligence of the city, but upon its own independent negligence.

If counsel for defendant wish to submit any further argument the court will receive it, as I am taking a view which may not have been anticipated although defendant's counsel has made an argument as upon demurrer touching the sufficiency of the defense. If it is not desired to further argue the question a demurrer may be filed and sustained.